THE FEDERAL LAND BANK OF BALTIMORE, Appellant, v. REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 901. Submitted November 6, 1933.—Decided November 17, 1933.

*José R. Aponte* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Quintero Rodríguez mortgaged in favor of The Federal Land Bank a property of 799.31 acres (*cuerdas*), a portion of which he had recorded in the Registry of Property of

Arecibo and the remaining portion in the Registry of Utuado. After the mortgage was recorded in both registries, Rodríguez sold a parcel of ·795.31 acres from said property to four persons and subsequently sold the remaining four acres to another person. Those sales were recorded in the registry with the curable defect of the failure to give the description of the segregated parcel and of the remaining portion of the principal property, and also of the failure to describe the part of the segregation pertaining respectively to Arecibo and to Utuado. The bank brought foreclosure proceedings against said purchasers to recover the debt secured by the mortgage, and the property as a whole was sold at public auction and awarded to the bank in partial satisfaction of its credit. The corresponding marshal's deed was executed and presented in the Registry of Property of Utuado together with a deed of correction in which the assistant manager of the bank stated the descriptions above mentioned. The registrar recorded the sale but noted the curable defect of the nonappearance in the correction deed of the original contracting parties. Thereupon the bank took the present appeal.

The bank became the owner of the property from the date of the execution of the deed of sale independently of its record in the registry, which is made in order to give notice to third persons, and as such owner it could execute the deed of correction whose only purpose was to facilitate the record by furnishing certain descriptions; and as these had nothing to do with the title conveyed by the marshal, it was not necessary for said officer to appear in the document wherein the above-mentioned descriptions were made. Moreover, since the marshal conveyed to the bank the entire mortgaged property, there was no need of his intervention in the description of the two parcels in which the property was divided prior to the sale made by him.

The decision appealed from must be reversed as to the curable defect assigned therein.